IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEAN MURAT MONTREVIL, A40135784     * <br> Petitioner, <br>                                                     * <br> v.                                                           CIVIL ACTION NO. JFM-05-1167 <br>                                                    * <br> ALBERTO GONZALES, et al., <br>                   Respondents.      * <br> ****** | |

**MEMORANDUM**

I.      Factual Background

Petitioner Jean Murat Montrevil ("Petitioner") is a native of Haiti who was admitted to the United States on March 6, 1986, as a lawful permanent resident. On February 23, 1990, the former Immigration and Naturalization Service issued an Order to Show Cause charging Petitioner as being deportable as an alien convicted of a controlled substance offense. Paper No. 5, Ex. A. During his deportation proceeding, Petitioner applied for relief under former § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (1990). On June 17, 1994, Petitioner's application for § 212(c) relief was denied and he was ordered deported to Haiti. *Id.*, Ex. A. Petitioner's appeal to the Board of Immigration Appeals ("BIA") was dismissed on October 28, 1994. *Id.*, Ex. B. Petitioner was taken into ICE custody on February 2, 2005. *Id.*

On April 28, 2005, the instant petition was filed by Petitioner's fiancé as "next friend." In response to this Court's Order, on May 6, 2005, Petitioner advised that he wished to adopt the petition as filed.

Paper Nos. 1, 2, and 3. Petitioner seeks review of his administrative final deportation order. He contends that the BIA erred in denying him relief under former § 212(c). Paper No. 1.

On June 8, 2005, Respondent[1] filed a Motion to Transfer. Paper No. 5. Respondent moves to transfer the case to the United States Court of Appeals for the Fourth Circuit based on the recently enacted Real ID Act of 2005, Pub. L. No. 109-13, Div. B, §106(a), (c), 119 Stat. 231 (2005) ("RIDA"). On June 21, 2005, Petitioner filed a response. Paper No. 6. The pending motions shall be determined on the pleadings and without oral hearing. *See* Local Rule 105.6. (D. Md. 2004). For reasons to follow, the case shall be transferred to the Fourth Circuit by separate Order.

II. Analysis

Signed into law by the President on May 11, 2005, RIDA substantially modifies the avenue aliens must traverse to obtain judicial review of an order of removal. Section 106(a) of the new law states: "a petition for review filed with an appropriate court of appeals .... *shall be the sole and exclusive means for judicial review of an order of removal* entered or issued under any provision of this Act"(emphasis added).[2] Section 106 divests the district court of jurisdiction in habeas corpus cases involving challenges to a final order of removal, deportation, or exclusion, and places exclusive jurisdiction for judicial review of such orders in the federal appeals court for the district in which the removal order was issued. Further, § 106(c) of the Act provides:

---

[1] The Motion to Transfer also seeks to dismiss the petition against all parties except Alberto Gonzales, the Attorney General of the United States. Paper No. 8. The motion to dismiss shall be granted pursuant to Fed. R. Civ. P. 25(d)(1) and § 242(b)(3)(A) of the INA, 8 U.S.C. § 1252(b)(3)(A)(the proper respondent to an immigration petition for review is the Attorney General).

[2] This provision is codified at Immigration and Naturalization Act, § 242(a)(5), 8 U.S.C. §1252(a)(5).

>    [i]f an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed ....

Congress specifically intended for the amendments under RIDA to take effect immediately. The Act states that its provisions shall take effect on the date of enactment and shall apply to cases "in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment" of the Act. RIDA, §106(b).

III.   Conclusion

This action was pending in this court on the date of RIDA's enactment. The petition raises a question of law directly related to the legality of Petitioner's order of removal. The "jurisdiction-stripping" provisions of RIDA plainly apply here. Accordingly, Respondent's motion to transfer shall be granted and the case shalll be transferred to the United States Court of Appeals for the Fourth Circuit in accordance with § 106 of RIDA. Petitioner's deportation shall be stayed pending further action by the court of appeals. A separate Order reflecting this Memorandum follows.

Date: July 8, 2005                             /s/_____
                                               J. Frederick Motz
                                               United States District Judge